IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORDELL R. WALKER, | ) | CASE NO. 5:18CV823 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN          LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Cordell R. Walker for a writ of habeas

corpus under 28 USC § 2254.[2] Walker is currently serving nine years of incarceration at

the Marion Correctional Institution[3], imposed by the Summit County Common Pleas Court

---

[1] The matter was referred to me pursuant to Local Rule 3.1 by United States District
Judge John R. Adams in a non-document order entered on April 11, 2018.
[2] ECF No. 1.
[3] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A682623.

on April 13, 2016, after a jury convicted Walker of felonious assaults and having a weapon under disability. [4]

Here, Walker raises four grounds for relief, alleging his conviction was erroneous regarding the manifest weight of the evidence, an improperly omitted jury instruction, a constitution question surrounding the second amendment, and allegedly ineffective counsel.[5] The State, in return of the writ, contends that in all four instances, Walker has not met the standard for habeas relief according to clearly established federal law. The State also contends the four claims must be dismissed on procedural grounds.

Based on the following reasons, I recommend that Walker's petition be dismissed as procedurally defaulted in part and non-cognizable in part.

## Facts

### A. Underlying facts, Trial, and Convictions

As set out by the Ohio Court of Appeals, Ninth Appellate District, Summit County, Walker's case arose from the following events.[6] On the evening of mid-August in 2015, Walker had agreed to help a gas station employee at the drive thru window, when the victim and several friends approached the gas station to buy liquor from the drive thru window.[7] Walker was working the window when one of the victim's friends asked Walker if she

---

[4] ECF No. 1 at 1-2.
[5] ECF No. 6 at 5-6.
[6] Facts found by the appeals court are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Walker has offered no such rebuttal.
[7] ECF No. 6 at 2-5 P9.

could buy some liquor.[8]

When the gas station employee denied the request, the victim began to argue with Walker, who relayed the gas station employee's response to the group in the car.[9] The victim got out of the car and approached the window to poke and spit at Walker.[10] The gas station employee and Walker both testified the victim had a gun at the time, and repeatedly slapped the gun throughout the encounter.[11] The group in the car testified it was Walker who had a gun throughout the encounter.[12] The commotion caused the gas station manager to come to the window where Walker was working, where the manager asked the car to leave the vicinity.[13] One of the witnesses in the car testified the manager told her she could come in the store and buy something, so she pulled the car around to the front of the store and parked.[14]

The ensuing events remain disputed amongst the witnesses. According to one witness, Walker came out of the gas station store and approached the car, asking where the victim was.[15] The victim then got out of the car, apparently expecting a fistfight.[16] When Walker pulled out a gun, however, the victim put his hands in the air.[17] After a struggle, Walker

---

[8] *Id.*
[9] *Id.*
[10] ECF No. 6, at 2-5 P9.
[11] *Id.* at P9, P16.
[12] *Id.* at P9, P12.
[13] *Id.* at P10.
[14] *Id.*
[15] *Id.* at P13.
[16] *Id.* at P14.
[17] *Id.* at P13.

discharged his gun, shooting the victim.[18]

In addition to the witnesses facts as described above, the victim adds he did not have a gun during the confrontation with Walker.[19] Contrarily, the store manager claims he saw something black in the victim's hand that looked like a gun.[20] The employee also testified he saw the victim carrying a gun throughout the entire encounter, indicating the victim repeatedly gestured toward the gun, tapping it as he argued with Walker.[21]

Walker testified in his defense, claiming he shot the victim because he was afraid for himself and the others involved, because he saw the victim had a gun and believed he would use it to hurt someone.[22] Walker testified that following the shooting, he fled the scene and rode to girlfriend's house after being picked up by a family acquaintance.[23] At his girlfriend's house, Walker apparently cleaned himself up, denying that he intended to destroy evidence.[24] After police arrived at his house, Walker surrendered himself to police custody.[25] Police testified he smelled like he had been cleaning with bleach and found particles indicative of gunshot residue on his hands.[26]

At trial, two security videos were played for the jury.[27] Both videos show the scene of

---

[18] *Id*. at P18.
[19] *Id*. at P14.
[20] *Id*. at P15.
[21] ECF No. 6 at 2-5 P16.
[22] *Id.* at P17.
[23] *Id.* at P19.
[24] *Id.*
[25] *Id.* at P20.
[26] *Id.*
[27] *Id.* at P21.

the argument outside the gas station, but no video of the drive thru window exists.[28] The videos depict roughly the same scene described by the witnesses, except that it is unclear if the victim had a gun, and when Walker obtained the gun used to shoot the victim.[29]

Walker was indicted in September 2015 and charged with two counts of Felonious Assaults, each with firearm specification and one count of Having Weapons While Under Disability.[30] The case proceeded to trial, and despite being instructed on self-defense, the jury found Walker guilty of one Felonious Assault charge, with the firearm specification, and the charge for Having Weapons While Under Disability.[31] On April 20, 2016, the court merged the two counts and sentenced Walker to a total prison term of nine years.[32]

## B. Direct appeal

### 1. Ohio appeals court

On May 13, 2016, Walker filed a timely appeal to the Ohio Ninth District Court of Appeals, Summit County after obtaining new counsel.[33]  He raised the following assignments of error:

1. Mr. Walker's conviction for felonious assault is against the manifest weight of the

---

[28] *Id.*
[29] ECF No. 6 at P22.
[30] *Id.* 6.
[31] *Id.*
[32] *Id.* at 6-7.
[33] Under Ohio App. Rule 4(A), Walker's appeal is considered timely because he filed his May 13, 2016, appeal within the 30 days period of the judgement. Walker's conviction and sentence were journalized on April 20, 2016 (ECF No. 6.), and the notice of appeals was filed on May 13, 2016 (*Id.*).

evidence, meriting a new trial.

2. The trial court erred in not giving the jury an instruction on self-defense as to Count 3, having a weapon under a disability. [34]

After the State filed a brief in response, the Ohio Court of Appeals overruled Walker's assignments of error and affirmed the judgment of the trial court on August 16, 2017. [35]

### 2. *Supreme Court of Ohio*

On September 29, 2017, Walker filed *pro se*[36] a timely appeal with the Ohio Supreme Court raising following propositions of law[37]:

1. Due process is offended implicating fundamental fairness where, as here, the jury's verdict for 'felonious assault' is against the manifest weight of the evidence.

2. Whether the state court's application of *State v. Bellomy*, 2013 Ohio 3187, i.e. "generally, a request for a special jury instruction must be made in writing" id., implicates a fundamental fairness thus depriving appellant of a fair trial, U.S.C.A. Const. Amend. 6, where trial counsel made such objection 'orally' that such instruction was/is required to protect appellant Second Amendment right under the circumstance of this case.

---

[34] *Id.*
[35] ECF No. 6 at 7.
[36] *Id.* at 7.
[37] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (to be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio court of appeals decision was filed on August 16, 2017 (*id.* at 133), and Anderson's notice of appeal to the Supreme Court of Ohio was filed on September 29, 2015; thus, it is timely. (ECF No. 6)

3.  Whether the Second Amendment's "right to bear arms" guarantee to the protection of: 'self-defense'; and, 'the defense of others,' implicates a charge of: ['having weapons while under disability'], O.R.C. § 2923.13(1)(2).

4.  Where appellate counsel fails to raise clear and obvious error constituting 'plain error affecting substantial right,' Crim.R. 52(B), including a claim of ineffective assistance of trial counsel.

The Ohio Supreme Court denied Walker's jurisdictional memorandum on December 20, 2017.

### 3.  *Post-Conviction*

Walker filed a post-conviction appeal in the Ninth Judicial District Court of Appeals[38]. The court maintained his conviction on April 11, 2018, after reviewing the following two assignments of error:

1.  Mr. Walker's conviction for felonious assault is against the manifest weight of the evidence, meriting a new trial.

2.  The trial court erred in not giving the jury instruction an instruction on self-defense as to count three (3), "Having a weapon under disability."[39]

### 4.  *Federal habeas petition*

On April 11, 2018, Walker filed *pro se*[40] a timely appeal for a federal petition for habeas

---

[38] The appellate court maintained Anderson's conviction on December 20, 2017 (ECF No. 1), and his post-conviction appeal to the Ninth Judicial District Court of Appeals was filed on April 11, 2018; thus it is timely (*Id.*).

[39] ECF No. 6 at 7.

[40] The present petition for federal habeas relief was filed on April 11, 2018, (ECF No. 1) as such, it was filed within one year of the conclusion of Anderson's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

relief. As noted above, he raises four grounds for relief:

1.  Due process is offended implicating fundamental fairness where, as here, the jury's verdict for 'felonious assault' is against the manifest weight of the evidence.

2.  Whether the state court's application of *State v. Bellomy*, 2013 Ohio 3187, i.e. "generally, a request for a special jury instruction must be made in writing" id., implicates a fundamental fairness thus depriving appellant of a fair trial, U.S.C.A. Const. Amend. 6, where trial counsel made such objection 'orally' that such instruction was/is required to protect appellant Second Amendment right under the circumstance of this case.

3.  Whether the Second Amendment's "right to bear arms" guarantee to the protection of: 'self-defense'; and, 'the defense of others,' implicates a charge of: ['having weapons while under disability'], O.R.C. § 2923.13(1)(2).

4.  Where appellate counsel fails to raise clear and obvious error constituting 'plain error affecting substantial right,' Crim.R. 52(B), including a claim of ineffective assistance of trial counsel.[41]

The State's return of the writ essentially argues that all four grounds of relief should be dismissed on the grounds that the claims have been procedurally defaulted, with part of Ground one also being denied as a non-cognizable state-law claim for relief.[42]

## Analysis

### A. Preliminary observations

Before addressing the claims for relief, I make the following preliminary observations:

1.  There is no dispute that Walker is currently in state custody because of his conviction and sentence by an Ohio court, and was so incarcerated at the time he filed this petition for federal habeas relief. Thus I recommend finding that Walker

---

[41] ECF No. 6 at 7.
[42] ECF No. 8.

meets the "in custody" requirement of the federal statute vesting this Court with jurisdiction over the petition.[43]

2.  There is also no dispute on the facts resulted above that this petition has been timely filed under the applicable statutory standard.[44]

3.  In addition, Walker contends and my review of the docket in this District confirms, that this petition is not a second or successive petition for federal habeas relief as to this conviction and sentence.[45]

4.  Finally, I note that Walker has not requested an evidentiary hearing, nor the appointment of counsel.[46]

**B. Standards of Review**

*1. Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[47] If a petitioner failed to raise a claim when state court remedies were still available, the petitioner violated a state procedural rule, and is subject to procedural default.[48] The petitioner must afford the state courts opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[49] This requires a petitioner to go through one complete round of the state's appellate review process, presenting his claims to each appropriate state court.[50] A petitioner may not seek habeas relief then if he or she does not

---

[43] 28 U.S.C. § 2254(a).
[44] 28 U.S.C. §2254(d)(1).
[45] 28 U.S.C. § 2254(b).
[46] ECF No. 6 at 16.
[47] 28 U.S.C. § 2254(b), (c).
[48] *Id.*
[49] *Id.*
[50] *Id.*

first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[51]  In other words, the habeas petitioner must present his claim to the state courts as a federal constitutional issue- not merely as an issue arising under state law.[52]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[53]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:

(1) [T]here must be a state procedure in place that the petitioner failed to follow.

(2) [T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default.

(3) [T]he state procedural rule must be an adequate and independent state ground,' that is both 'firmly established and regularly followed.

(4) The petitioner cannot demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice.[54]

---

[51] *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984).
[52] *Id.*
[53] *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test).
[54] *Id.*

In order to show "cause" for the default, the petitioner must show that some "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[55] To show "prejudice" for the default, the petitioner must show that the errors at trial worked against him or her, infecting the entire trial with a constitutional error.[56]

### 2. *Non-cognizable claims*

The federal habeas statute restricts the writ to state prisoners who are custody in violation of a federal law.[57] Accordingly, it is well-settled that, to the extent the petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal relief may be granted.[58] In such circumstances, a claim for federal habeas corpus relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[59]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[60] The Supreme Court has defined the category of infractions that violate the "fundamental fairness" of a trial very narrowly.[61] Specifically, such violations are restricted

---

[55] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).
[56] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).
[57] 28 U.S.C. 2254(a).
[58] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[59] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
[60] *Id.*
[61] *Bey*, 500 F.3d at 522 quoting *Dowling v. United States*, 493 U.S. 342, 352 (1996).

to offenses against some principle of justice so rooted in the traditional and conscience of our people as to be ranked as fundamental.[62]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[63] In doing so, the federal habeas court must follow the rulings of the state's highest court with respect to state law and may not second-guess a state court's interpretation of its own procedural rules.[64] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[65] the Sixth circuit has recognized that errors might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.[66]

## C. Application of Standards

### 1. *Ground One*

In Ground One, Walker argues his conviction for felonious assault was obtained in violation of the Due Process Clause of the Federal Constitution's Fourteenth Amendment, because the jury's verdict finding him guilty of felonious assault was against the manifest weight of the evidence, precluding his right to a fair trial.[67] As evidence for his claims,

---

[62] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).
[63] *Bey*, 500 F.3d at 522 quoting *Dowling v. United States*, 493 U.S. 342, 352 (1996).
[64] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[65] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[66] *Gilliard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006).
[67] ECF No. 6 at 7.

Walker contends he was "accosted by an armed man, high on drugs, combative, aggravated, and purposed to take his life or to cause serious physical harm."[68] He adds that his Second Amendment right to act in self-defense protects him from liability under the Ohio Statute.[69]

Walker cannot argue a claim that extends beyond the factual and legal theories he argued at the Ohio Appellate court.[70] At the appellate level, Walker argued his conviction was against the manifest weight of the evidence, meriting a new trial.[71] But he now argues a constitutional violation of his due process rights. The State, in its return of the writ, contends that Walker's claim is now limited to that which he presented to the Ohio Court of Appeals.[72] This argument is compelling. Nevertheless, a petitioner can excuse a procedural default by showing a "cause and prejudice" for the default.[73] In the case at bar, however, the State correctly notes that Walker's petition is silent as to why he did not fairly present the federal constitutional claim in the Ohio courts.[74]

Further, any claim of insufficient evidence, expressed within the manifest weight of the evidence claim, is also procedurally defaulted. The body of Walker's claim addressed the manifest weight of the evidence. However, in his use of the terms "basic fairness" and "due

---

[68] *Id.*
[69] *Id.*
[70] ECF No. 8 at 15.
[71] *Id.*
[72] *Id.*
[73] *Id.* at 20.
[74] ECF No. 1 at 6-12.

process," Walker's claim potentially raises the question of the sufficiency of the evidence. Nevertheless, the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.[75] Merely using the constitutional phrases above does not "fairly present" a constitutional claim of insufficiency of the evidence. As the State correctly notes "A petitioner does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find such a claim."[76] As such, any implicit claim of the insufficiency of the evidence, for failure to be fairly presented, is procedurally defaulted.

In the Ohio Court of Appeals, Walker argued the claim that his conviction was against the manifest weight of the evidence, omitting any federal constitutional claim.[77] Where a claim fails to state a federal constitutional violation, it is at best a state law claim noncognizable in federal habeas courts.[78] As such, the claim that remains once the procedurally defaulted claim is set aside, is non-cognizable because it lacks a federal constitutional claim. As such, I must recommend dismissing Ground One.

### 2. *Ground Two*

Second, Walker contends his right to due process was offended because he was provided ineffective counsel, and the subsequent elevation of form over substance regarding the requirements for a written jury request instruction resulted in his conviction

---

[75] *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997).
[76] ECF No. 8 at 19.
[77] *Id.* at 21.
[78] *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).

where such would not have otherwise occurred.[79] Walker acknowledges that he did not file a written propose instruction on self-defense as a defense to the "Having a Weapon Under Disability" charge, but Walker counters that a written instruction should not have been required, or that his counsel is rendered ineffective by failing to file a written instruction.[80]

The State responds to Walker, maintaining that because Walker did not argue any ineffective assistance of trail counsel in his jurisdictional memorandum to the Ohio Court of Appeals, the claim is procedurally defaulted.[81] This argument is compelling. Arguing his claim in the Ohio Supreme Court when Walker has not argued it in the Ohio Court of Appeals does not preserve the claim for federal habeas review, therefore I should not consider the claim here.[82] Finally, as was the case in ground one, Walker makes no claim as to the cause and prejudice of his procedural default, therefore, he cannot excuse the default on this claim. [83]

The State argues in the alternative, setting aside the procedural default, that Ground Two is noncognizable because "an ailing instruction by itself must have so infected the entire trial that the resulting conviction violates due process."[84] The State further assesses that Walker cannot argue that the exclusion of some non-specific instruction for the Having

---

[79] ECF No. 8 at 21-22.
[80] ECF No. 8 at 22; *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Abshear v. Moore*, 354 fed. Appx. 964 (6th Cir. 2009).
[81] *Id.* at 23.
[82] *Id.* at 25.
[83] *Id.* at 26.
[84] *Id.* at 29.

Weapons Under a Disability conviction alone so infected his trial as to violate his due process rights, considering his more serious felonious assault charge, for which he was granted a self-defense jury instruction.[85] Accordingly, the record supports the State's assessment on Ground Two, and I recommend dismissing the ground because it is procedurally defaulted.

### 3. Ground Three

Third, Walker maintains the Second Amendment precludes him from liability because the right to bear arms protects his right to self-defense and the defense of others.[86] Walker claims this includes the charge against him alleging he had a weapon "under disability."[87] Walker again acknowledges that he did not file a written proposed instruction on self-defense as a defense to the Having a Weapon Under Disability Charge, but as in Ground Two, argues either that the written instruction should not have been required, or that the omission of the written instruction renders his counsel ineffective.[88] Like Ground Two, Walker is making a claim beyond that which he raised in the Ohio Court of Appeals, rendering his claim procedurally defaulted.[89] Furthermore, the requirement for a written jury instruction is clearly established in Ohio Law, and so, as the State correctly notes, Walker's violation of the procedural rule precluded the Ohio Court of Appeals from

---

[85] *Id.*
[86] ECF No. 8 at 30.
[87] *Id.*
[88] *Id.*
[89] *Id.* at 30-31.

addressing the claim.[90] Walker's claims in Ground Three are likewise precluded from my consideration on the grounds that they are procedurally defaulted. As such, I must recommend dismissing Ground Three.

### 4. *Ground Four*

Finally, Walker asserts he was precluded from the Sixth Amendment right to effective assistance of counsel, because his appellate counsel failed to argue certain claims, including that trial counsel rendered ineffective assistance by failing to file a written motion for a special jury instruction on self-defense, that trial counsel rendered ineffective assistance by failing to challenge the jury verdict forms that failed to indicate either the degree of the offenses or some aggravating factors that distinguishes the offenses form misdemeanors, and that trial and appellate counsel both failed to forward claims that the trial court's judicial fact-findings were inherently deficient.[91]

The State responds that Walker has never fairly presented any claim of ineffective assistance of either appellate counsel or trial counsel in the Ohio courts.[92] As such, I recommend finding for State's argument that Walker's claim in Ground Four is procedurally defaulted. As in the previously grounds for relief, Walker cannot excuse the procedural defaults via cause or prejudice because again the petition is silent as to why Walker failed to exhaust the claims above.[93] As such, I recommend that Ground Four is

---

[90] ECF No. 8 at 31.
[91] ECF No. 8 at 31.
[92] *Id.*
[93] ECF No. 1 at 12.

dismissed.

## Conclusion

For the reasons stated, and after AEDPA review, I recommend dismissing the *pro se* petition[94] of Cordell R. Walker for a writ of habeas corpus.

IT IS SO RECOMMENDED.

Dated: July 28, 2021                                    s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

---

[94] ECF No. 1

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Courts order. [95]

---

[95] *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).